IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TEMMIE GENE CROW, #1995869 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv545 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Temmie Gene Crow, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Petitioner is challenging his Grayson County conviction and sentence for failure to comply with sex offender registration requirements, Cause Number 065451. On April 16, 2015, pursuant to a written plea agreement, he was sentenced to eighteen years of imprisonment, with his sentence running concurrently with Cause Numbers 065450 and 047458. It is noted that Cause Number 047458 is a 2001 burglary of a habitation conviction for which he received a twenty-five year sentence. Magistrate Judge Nowak observed that he had served all but thirteen years of the twenty-five year sentence at the time he pled guilty in the present case. Petitioner argues that the State breached the plea agreement because his eighteen year sentence is not running concurrently with his twenty-five year sentence. In support of the claim, he stresses that he is now serving eighteen years under a new TDCJ-ID Number 1995869. He believes that his old burglary of a habitation conviction should be the governing sentence for time calculation purposes.

Where a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). In determining whether there has been a breach of a plea bargain, the Court "must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993). "Whether the government's conduct violated the terms of the plea agreement is a question of law." *United States v. Watson*, 988 F.2d 544, 548 (5th Cir. 1993).

In the present case, Petitioner entered into a plea agreement where his new sentence for failure to comply with sex offender registration requirements would run concurrently with two other convictions. The State court records reveal that his sentences are running concurrently. The State did not break the plea bargain. Magistrate Judge Nowak correctly found that the petition lacks merit. Petitioner's objections likewise lack merit.

The petition should also be denied because Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The basic thrust of the petition is Petitioner's erroneous belief that the begin date of his new conviction for failure to comply with sex offender registration requirements should be the same as his burglary of a habitation conviction. Under this theory, his sentence for burglary of a habitation would remain the governing sentence for time calculation purposes. However, the phrase "sentences running concurrently" simply means that he is serving the sentences at the same time, and it has nothing to do with the begin dates associated with each conviction. The commitment inquiry exhibit attached to the answer (Dkt. #11-1) reveals that the begin date for Petitioner's burglary of a habitation conviction is

July 1, 2000, and his maximum expiration date is October 8, 2027. His begin date for his failure to comply with sex offender registration requirements is March 6, 2015, and his maximum expiration date is March 5, 2033. He is serving the sentences at the same time, but he will not discharge his new sentence until five and one-half years after he discharges his sentence for burglary of a habitation; thus, the new sentence became the governing sentence for time calculation purposes. Petitioner's belief that his sentence for burglary of a habitation should remain the governing sentence lacks merit. Petitioner's arguments reveal a misunderstanding of what is meant by sentences running concurrently. It simply means he is serving the sentences at the same time. It does not mean that the sentences have the same begin date. The petition and objections lack merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE